IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID C EBLOVI,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL.,

    Defendant.

No. C 13-02314 CRB

**ORDER GRANTING MOTIONS TO DISMISS**

Plaintiffs David and Monica Eblovi filed this action for claims alleging violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), California's Unfair Competition Law, California Code of Civil Procedure, and Unlawful eviction. Defendant Deutsche Bank National Trust Company ("DBNTC") argues that the FAC should be dismissed as to it because Plaintiffs' claims (1) are barred by res judicata; (2) lack standing; (3) fail to state a claim for the violation of RICO; (4) fail to state a claim for violation of UCL; (5) fail to state a claim for Civil Code violation; and (6) fail to state a claim for unlawful eviction. Because there is a finding of claim preclusion, this Court need not reach the other issues raised by Defendant DBNTC. Additionally, Defendant MTC Financial Inc. ("MTC") later filed a motion to dismiss to which Plaintiffs failed to file a timely response.

This Court finds that as to DBNTC and MTC, Plaintiffs' claims are barred by res judicata.

## I. BACKGROUND

In April 2013, Plaintiffs David and Monica Eblovi filed a single-count complaint in this Court (No. 13-1596) (hereinafter Eblovi I) alleging that Defendant DBNTC violated the Protecting Tenants at Foreclosure Act of 2009 (PTFA), Pub. L. No. 111-22, §§ 701-704, 123 Stat. 1660, 1632, 1660-62. See Compl. (Eblovi I, dkt. 1). The Eblovis alleged that they were tenants under a valid residential lease agreement entitling them to occupy the residence at 482 Coronado Avenue, Half Moon Bay, California, until at least 2014. Id. at 5.

Defendant DBNTC initiated unlawful detainer proceedings to evict the Eblovis. Id. at 7. The Eblovis unsuccessfully litigated their eviction in state court, resulting in a summary judgment in favor of DBNTC. Id. at 7-8. However, before dismissal of the state court action, Plaintiffs filed a complaint against DBNTC in the United States District Court for the Northern Discrict of California.

On May 29, 2013, this Court entered an order dismissing Eblovi I with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and entered judgment against Plaintiffs. See Judgment (Eblovi I, dkt. 13) at 1.

On May 21, 2013, eight days before this Court dismissed the Eblovi I action, Plaintiffs filed a new action (No. 13-2314) (hereinafter Eblovi II) claiming that Deutsche Bank National Trust Company, RBS Acceptance Inc., RBS Financial Products Inc., Nationwide Title Clearing Inc., Central Mortgage Company, and MTC Financial Inc., were in violation of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Racketeer Influence and Corrupt Organizations Act ("RICO"), California's Unfair Competition Law, CA Code of Civil Procedure, and Unlawful Eviction. Second Compl. (dkt. 1) at 2. The PTFA claim was later deleted from the first amended complaint. FAC (dkt. 17)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

## III. DISCUSSION

### A. Res Judicata

"Claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of claims that were raised or should have been raised in earlier litigation. Frank v. United Airlines, 216 F.3d 845, 850 (9th Cir. 2000); see also Owens v. Kaiser Found.

2

1  Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata, also known as claim
2  preclusion, bars litigation in a subsequent action of any claims that were raised or could have
3  been raised in the prior action."). "For claim preclusion to apply, there must be (1) an
4  identity of claims in the two actions; (2) a final judgment on the merits in the first action; and
5  (3) identity or privity between the parties in the two actions." Frank, 216 F.3d at 850.

### 1. Identity of Claims

In determining whether the prior litigation involved the same claim, the Court considers four questions: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 555 (9th Cir. 2003) (citing Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992)). The central criterion, however, is "whether the two suits arise out of the same transactional nucleus of facts." Frank, 216 F.3d at 851 (citing Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982))

In this action, the allegations are related to the same set of facts alleged in the Eblovi I complaint. In both actions, Plaintiffs allege that they were tenants at the Property pursuant to a lease agreement with the former owner, that the Property was foreclosed upon apparently following the former owner's default, and that the Trustee took title to the property at the Trustee's sale. See MTD at 6; FAC at 8-9, 21. Even though Plaintiffs make new allegations, including an intricate RICO scheme, these new claims, however, are like the claims in the original action in that they are all predicated on the alleged improper foreclosure and the Trustee taking title to the property at the trustee's sale. Id. The same "transactional nucleus of facts" underlie the causes of action alleged in both the original complaint and the current action. Simply, while Plaintiffs seek recovery upon these new legal theories, all of these theories could have been asserted in the prior action against DBNTC. See Mir v. Little Company of Mary Hospital, 844 F.2d 646, 652 (9th Cir. 1988) (holding a plaintiff is

3

1 precluded from relitigating issues that were raised or could have been raised in the prior
2 action when he merely presents a new legal theory).

3     Two of the other criteria for finding identity of claims in both actions are met. First,
4 the prosecution of this action could impair Defendant's freedom from liability for the
5 foreclosure established in Eblovi I. Second, the two suits involve infringement of the same
6 right. Even though Plaintiffs allege new claims against Defendant DNBTC, the right at issue
7 is the alleged unlawful eviction of the Plaintiffs. Lastly, the other criterion, substantially
8 similar evidence, seems to cut in favor of Platiniffs. Because Plaintiffs allege an intricate
9 RICO scheme, it is possible that there would be different evidence that would not have been
10 brought in the original action. Regardless, the other three factors, with the same nucleus of
11 facts being the most important, weigh heavily in favor of Defendant DBNTC.

12     Thus, there is an identity of claims between the first and second action.

### 2. Final Judgment on the Merits

14 Claim Preclusion also requires a final judgment on the merits in the first action.
15 Frank, 216 F.3d at 850. Here, the original action was dismissed with prejudice under the
16 Federal Rule of Civil Procedure 41(b) for failure to prosecute. See Judgment (dkt. 13).
17 "[U]nless otherwise specified" dismissal with prejudice for failure to prosecute "operates as
18 an adjudication upon the merits." Owens, 244 F.3d at 714 (citing Fed. R. Civ. P. 41(b)).
19 Accordingly, there was a judgment on the merits in the first action.

### 3. Privity

21 The final requirement of the claim preclusion doctrine is identity or privity between
22 the parties in the two actions. Frank, 216 F.3d at 850. "Privity exists when there is
23 substantial identity between the parties, that is, when there is sufficient commonality of
24 interests." In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983) (citing United States v. ITT
25 Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980). In Eblovi II, Plaintiffs describe
26 "Deutsche Bank National Trust Company as Trustee for DSLA Mortgage Loan Trust 2006-
27 AR1" in the original complaint the same exact way they describe "Defendant Bank National
28 Trust Company" in the new action Compare Compl. (dkt. 1) at 3, with FAC (dkt. 17) at 6-7.

4

Because the loan in question is the same exact loan that DBNTC acts as the trustee for, the Court finds that there is privity between the two parties in the first and second action.

Thus, the Court finds claim preclusion applies.

### B. Defendant MTC's Motion to Dismiss

Defendant MTC also moves to dismiss the Plaintiffs' first amended complaint, advancing a series of arguments similar to those DBNTC puts forward. See generally MTC Mot. (dkt. 33). Plaintiffs' response to MTC's motion was due no later than August 26, 2013. However, no response was filed. Thus, the Court GRANTS MTC's motion to dismiss. The Court finds that the claims are barred by res judicata as to MTC as well as DBNTC. Even if res judicata did not apply, the Court would GRANT the motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## IV. CONCLUSION

Because there is (1) identity of claims in the two actions; (2) a final judgment on the merits in the first action; and (3) identity or privity between the parties in the first and second action, and a failure to prosecute as to MTC, the Court GRANTS the motions to dismiss.

**IT IS SO ORDERED.**

Dated: October 16, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

5